**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

INTERNATIONAL COUNCIL OF E-COMMERCE
CONSULTANTS,

Plaintiff,

v.                                                      No. CV-08-780 WDS/ACT

SECURITY UNIVERSITY LLC, and
SONDRA SCHNEIDER,

Defendants.

**ORDER ON MOTION FOR RECONSIDERATION OF**
**DISMISSAL IN FAVOR OF TRANSFER**

This matter is before the Court on Plaintiff's Motion for Reconsideration of Dismissal in Favor of Transfer to Connecticut Pursuant to 28 U.S.C. § 1631, filed April 28, 2009. (Document #39). Plaintiff seeks reconsideration of the Court's order filed in response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. In that order, the Court granted Defendant's Motion to Dismiss, subject to a stay if Plaintiff desired to obtain further discovery regarding the issue of jurisdiction. The possibility of a transfer had not been raised by either party in their briefs or at oral argument of the underlying motion to dismiss. However, the Court is willing to consider Plaintiff's current motion in lieu of a motion for discovery relating to jurisdiction.

The "basic test" for determining whether to dismiss or transfer a case is whether "it would be in the interest of the justice" to transfer. *Williams Intern. Corp. v. U.S.*, 7 Cl. Ct. 726, 731-32 (Cl. Ct. 1985). There are several factors that this Court should consider in determining whether to transfer or dismiss Plaintiff's claims. *See Trujillo v. Williams*, 465 F.3d at 1223 n. 16 (10th Cir. 2006). The first of these factors is whether a new action against those defendants would be time

barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). Some of the events giving rise to Plaintiff's claims occurred as early as December 2004. Defendant asserts that no limitations issue would arise if the complaint were dismissed and Plaintiffs had to file it a second time in Connecticut. However, Defendant has provided no law to support that assertion. It is not clear to the Court, having read the parties' briefs, whether Plaintiff would face statute of limitations issues if this matter were dismissed.

Another factor is whether Plaintiff's claims against the non-resident defendants "are likely to have merit." *Trujillo*, 465 F.3d 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4. Plaintiff alleges that the Defendants entered into a contract through which they were provided with Plaintiff's proprietary training material. Plaintiffs allege that the Defendants misappropriated that material and passed it off as their own training material, disparaging the Plaintiffs in the process. The Court expresses no opinion as to the ultimate merit of Plaintiff's claims, but these allegations clearly survive scrutiny under Fed. R. Civ. P.12(b)(6).

A third factor is whether the instant action against the non-resident defendants was filed in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). The jurisdictional issue addressed earlier in this matter by the Court, although resolved in Defendants' favor, was not so obvious that the Court could conclude that Plaintiffs "either realized or should have realized that the [New Mexico] forum . . . was improper." *Trierweiler*, 90 F.3d at 1544. It appears to the Court that this matter was filed in New Mexico in good faith.

The Court does note the delay in serving this matter after it was filed in New Mexico. It appears that approximately three months elapsed before the Defendants could be located and properly served. The interests of justice would not be served by risking such a further delay

resolving this matter. Because the factors considered by the Court either weigh in favor of transfer rather than dismissal, or are neutral, the Court finds that in the interest of justice, *see* § 1631, Plaintiff's complaint should be transferred.

WHEREFORE, IT IS ORDERED that, under 28 U.S.C. § 1631 and Fed. R. Civ. P. 21, Plaintiffs' complaint will be TRANSFERRED to the United States District Court for the District of Connecticut; and the Clerk is directed to send certified copies of this order and Plaintiff's complaint, with a copy of the docket, to the United States District Court for the District of Connecticut.

_____
W. Daniel Schneider
United States Magistrate Judge